IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATRICIA NICHOLSON, et al., ) | CASE NO. 1:07 CV 3288 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| COUNTRYWIDE HOME LOANS, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | **AND ORDER** |

This matter is before the Court on Plaintiffs' Motion to Remand. (Docket #22.) Plaintiffs originally filed their Complaint in the Lake County Court of Common Pleas on September 20, 2007 and filed an amended complaint on October 1, 2007. Plaintiffs allege that Defendants were negligent in not requiring adequate flood insurance. On October 24, 2007, Defendants filed their Joint Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1331 and 1441 (Docket #1). Defendants assert that Plaintiffs' claims arise under the National Flood Insurance Act of 1994, thereby creating a Federal question properly before this Court.[1]

On November 6, 2007, Plaintiffs filed their Motion to Remand. Plaintiffs argue that they only allege negligence for not requiring adequate flood insurance, and do not raise a Federal

---

[1] Since removal to this Court, Plaintiffs have filed Second and Third Amended Complaints, adding new Defendants. (See Docket #s 48 and 52.)

question. Citing *Murray v. Commercial Union Companies*, 1974 U.S. Dist. LEXIS 11848, unreported, Civil Case No. C 74-366 (N.D. Ohio November 27, 1974), Plaintiffs argue that unless their right to relief necessarily depends on a substantial question of Federal law, Federal question jurisdiction is improper. Plaintiffs assert that they are permitted to choose either State court or Federal court at their option and that Defendants may not force plaintiffs into Federal court.

Defendants CCO Mortgage Corp.; Countrywide Home Loans, Inc.; National City Bank; Homecomings Financial; Chase Home Finance; Sky Bank; Wells Fargo Bank; and, CitiMortgage, Inc. filed Briefs in Opposition to Plaintiffs' Motion to Remand. (Docket #s 35, 37, 39, 44, 53 and 58). Defendants[2] argue that removal is proper because Plaintiffs' claims arise out of a Federal statute, although framed as a State common law claim, and require interpretation of the National Flood Insurance Act ("NFIA"). *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Specifically, Defendants assert that Plaintiffs' claims of negligence are based solely upon a duty imposed on Defendant banks by the NFIA, and that Plaintiffs Amended Complaint fails to identify an independent basis for the existence of any duty to ensure the adequacy of their flood insurance. Defendants question how Plaintiffs' claims could be evaluated without interpreting the NFIA, as is suggested by Plaintiffs.

## Conclusion

Based upon a through review of the Amended Complaint in this case, as well as the Motion for Remand filed by Plaintiffs and the Briefs in Opposition filed by Defendants, this

---

[2] Because of the similarity of the Briefs in Opposition filed by various Defendants, the Court is summarizing the arguments raised therein.

Court finds remand to be inappropriate. The claims raised by Plaintiffs, although framed as common law negligence claims, arise out of a duty imposed by the National Flood Insurance Act and require an interpretation of the Act. Accordingly, Plaintiffs' Motion to Remand (Docket #22) is hereby DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: December 13, 2007