**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **PATRICIA NICHOLSON, et al.,** ) | **CASE NO. 1:07 CV 3288** |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **COUNTRYWIDE HOME LOANS, et al.,** ) | |
| ) | **MEMORANDUM OPINION** |
| **Defendants.** ) | |

This matter is before the Court upon the Motions to Dismiss Plaintiffs' Third Amended Complaint filed by Defendants Chase Home Finance LLC (Docket #59); HSBC Mortgage Services and Decision One Mortgage Co. (Docket #64); Countrywide Home Loans, Inc., National City Bank and Homecomings Financial (Docket #66); Sky Bank n/k/a Huntington National Bank (Docket #67); CCO Mortgage Corp. (Docket #71); First Place Bank (Docket #75); Real Living Mortgage LLC dba Lenders National Mortgage and Wells Fargo Bank, N.A. (Docket #77); Argent Mortgage Company, LLC (Docket #80); and, CitiMortgage, Inc. (Docket #81). Defendants move the Court to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Defendants argue that the National Flood Insurance Act ("NFIA"), upon which Plaintiffs base their claims, does not create a private cause of action.

**Factual and Procedural Background**

Plaintiffs in this action are mortgagors or spouses who purchased property located at the Millstone Condominiums in Painesville, Ohio. See Third Amended Complaint at Paragraph 1. The Millstone Condominiums are located in a Federally designated flood zone. *Id.* Plaintiffs sought and obtained mortgage financing from the named Defendant banks and financing institutions. *Id.* On or about July 28, 2006, flooding from the Grand River flooded the Millstone Condominiums. *Id.* Plaintiffs seek damages from Defendants, alleging that Defendants failed to comply with the National Flood Insurance Act of 1994 ("NFIA") by failing to verify that adequate flood insurance was in place prior to making the mortgage loans to Plaintiffs. Plaintiffs claim that Defendants were required to cause Plaintiffs to purchase flood insurance or to "force place" flood insurance pursuant to the terms of the NFIA.

The Third Amended Complaint sets forth Twenty-One Counts, each relating to a separate and independent mortgage transaction. Each Count relates to a separate Plaintiff or Plaintiffs and the contract each entered into with one of the Defendant banks or financing institutions. Each of the Defendants has moved this Court to dismiss Plaintiffs' claims, asserting that Plaintiffs cannot bring a private cause of action under the NFIA. Defendants state that the NFIA was enacted to protect the federal treasury, as evidenced by its legislative history and analyzed by numerous Courts, not individual borrowers. Defendants assert that Plaintiffs have failed to identify "a duty" owed to them by the lenders, given that the NFIA does not create a private cause of action. Finally, several Defendants discuss principles of federalism and separation of powers as otherwise defeating Plaintiffs' claims.

Plaintiffs filed a Brief in Opposition to Combined Defendants' Motions to Dismiss

(Docket #91). In their Brief, Plaintiffs argue that they are not alleging violation of the NFIA by Defendants, but instead assert that their claim is simply a negligence claim for failing to require Plaintiffs to purchase adequate flood insurance. Plaintiffs do not dispute the history of the NFIA. However, Plaintiffs reference the NFIA as the basis for arguing that the lenders were required "to force-place adequate flood insurance" and were negligent in failing to do so.

In Reply, Defendants point to statements made by Plaintiffs in their Opposition Brief which limit their cause of action to a state law negligence action. Defendants reiterate their assertion that the case should be dismissed because Plaintiffs' claims, as set forth in the Complaint, are based upon the NFIA, and there is no private cause of action under the NFIA.

**Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v.*

*City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## Discussion

In 1973, Congress amended the National Flood Insurance Act and enacted the Flood Disaster Protection Act. 42 U.S.C. § 4012a(b)(1). The Act requires flood insurance for loans secured by improved real estate situated within a Federally-created Special Flood Hazard Area and mandates that banks and similar lending institutions determine whether a property is located in such an Area. 42 U.S.C. §§ 4104a and 4012a(b)(1); 42 U.S.C. §§ 4001-4129 (2006). The Act further requires lenders to purchase lender-placed policies of flood insurance if, after learning that a property is located within a Special Flood Hazard Area, a borrower fails to purchase flood insurance after a forty-five day notice. 42 U.S.C. § 4012a(e). Subsequently, in 1993, Congress enacted the National Flood Insurance Reform Act of 1994, amending 42 U.S.C. § 4001 by imposing new obligations on both mortgage originators and servicers.[1]

Each Count of the Third Amended Complaint is the result of a separate, independent mortgage transaction, entered into between one or more Plaintiffs and one of the Defendant lenders. Each Count is limited to a separate property owner and transaction. The only claim raised against each of the Defendants by the various Plaintiffs is that the Defendant lenders

---

[1]The Court will refer generally to the "NFIA" when referencing Plaintiffs' claims.

violated the NFIA, by failing to verify that there was adequate flood insurance in place and failing to require that the mortgagor purchase the required insurance or to "force-place" it pursuant to the terms of the NFIA.

Courts have unanimously held that the NFIA does not create a private cause of action for borrowers. *See Wentwood Woodside I, LP v. GMAC Commercial Mortg. Corp.*, 419 F.3d 310, 323 (5th Cir. 2005); *Till v. Unifirst Federal Sav. and Loan Ass'n*, 653 F.2d 152, 156 (5th Cir. 1981). Analyzing the legislative history of these statutory provisions, courts have concluded that the intended beneficiary of the NFIA is the Federal treasury, not individual borrowers. *Wentwood*, 419 F.3d 310, 322-23; *Till*, 653 F.2d 152, 159.

Plaintiffs in this case argue that although there is no private cause of action under the NFIA, they should be allowed to pursue their claims against the Defendant lenders on a theory of negligence.[2] Plaintiffs argue that the NFIA creates a "duty" between the lender and the borrower sufficient to sustain a negligence claim. The Court finds no basis for this assertion.

As written, each separate Count set forth in the Third Amended Complaint is a claim that Defendants violated the NFIA. Plaintiffs in this case claim to assert a common law negligence claim based upon NFIA. Numerous courts agree that a plaintiff may not rely upon the NFIA as the basis for a state common law claim. "The separation of powers doctrine and principles of federalism militate against the adoption of the federal statute as the standard of care in a state negligence action when no private cause of action, either explicit or implicit, exists in the federal statute." *R.B.J. Apartments, Inc. v. Gate City Savings & Loan Assn.*, 315 N.W.2d 284, 290,

---

[2] The Court notes that each Count of the Third Amended Complaint relates to a separate, independent contractual transaction between a unique plaintiff or plaintiffs, and a lender. Aside from convenience to Plaintiffs, there is no basis for these individual claims, which would seem to be contractual in nature, to be brought as one lawsuit. However, the Court will not address this issue further, as Plaintiffs fail to state a claim upon which relief can be granted.

1982 N.D. LEXIS 241 (N.D. Jan. 21, 1982). "We conclude that 42 U.S.C. §§ 4012a(b) and 4104(a), and the regulations promulgated thereunder, do not create a standard of conduct for which the breach would give rise to an action for common-law negligence." *Id. See also Audler v. CBC Innovis Inc.*, No. 07-30229, 2008 U.S. App. LEXIS 4174, *26-28 (5th Cir. Feb. 26, 2008); *Ford v. First American Flood Data Services, Inc.*, No. 1:06 CV 453, 2006 U.S. Dist. LEXIS 74350, *12-28 (M.D. N.C. Oct. 11, 2006); *Callahan v. Countrywide Home Loans, Inc.*, Case No. 3:06 CV 105, 2006 U.S. Dist. LEXIS 76372 (N.D. Fla. Jul 26, 2006)[3] (citing *Dollar v. NationsBank of Ga., M.A.*, 244 Ga. App. 116, 534 S.E.2d 851 (Ga. Ct. App. 2000); *R.B.J. Apartments, Inc. v. Gate City Savings and Loan Ass'n*, 315 N.W.2d 284 (N.D. 1982); *Pippin v. Burkhalter*, 276 S.C. 438, 279 S.E.2d 603 (S.C. 1981); *Wentwood Woodside, I. L.P. v. GMAC Commercial Mortgage Corp.*, 419 F.3d 310 (5th Cir. 2005); *Peal v. N.C. Farm Bureau Mut. Ins. Co.*, 212 F. Supp. 2d 508 (E.D. N.C. 2002); *Lukosus v. First Tennessee Bank Nat. Ass'n*, 2003 U.S. Dist. LEXIS 11941 (W.D. Va. July 9, 2003); *Jacobson v. Banco Mortgage Co.*, 547 F. Supp. 954 (D. Minn. 1981)).

**Conclusion**

Based on the foregoing, Plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, the Court the Motions to Dismiss Plaintiffs' Third Amended Complaint are hereby GRANTED. Plaintiffs' claims are hereby DISMISSED. This case is TERMINATED.

IT IS SO ORDERED.

---

[3] After the Court dismissed the case, the plaintiffs in *Callahan* filed an amended complaint, removing reference to the NFIA. The Court noted that whether or not the NFIA is specifically referenced in the Complaint is irrelevant, as the asserted duty arises from the NFIA and there is no common law cause of action available. *Callahan* v. Countrywide Home Loans, Inc., No. 3:06 CV 105, 2006 U.S. Dist LEXIS (N.D. Fla. Oct. 20, 2006).

-7-

                                                s/Donald C. Nugent
                                                DONALD C. NUGENT
                                                United States District Judge

DATED: March 17, 2008